UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JOHNNY DWIGHT HOUSTON, JR.,

　　　　　　　　　　Plaintiff,

v.                                                    No.  1:23-CV-00145-H

TAYLOR COUNTY JAIL, *et al.*,

　　　　　　　　　　Defendants.

**ORDER ACCEPTING IN PART THE FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation (FCR) in this case. Dkt. No. 25. No objections were filed. The Magistrate Judge recommended that the Court dismiss all but two of Plaintiff's claims without prejudice. Specifically, the Magistrate Judge recommended that the following two claims should proceed: (1) Plaintiff's First Amendment claim against Defendant Sheriff Ricky Bishop based on the two-week limitation of mail access; and (2) Plaintiff's condition-of-confinement claim against Defendant Bishop based on uninsulated phones.

The District Court made an independent examination of the record in this case and reviewed the Magistrate Judge's report for plain error. As explained below, the Court accepts and adopts in part the findings, conclusions, and recommendation of the Magistrate Judge. In short, the Court dismisses the following claims without prejudice: (1) Plaintiff's claims against Correct Solutions and Tech Friends; (2) Plaintiff's First Amendment claims against Sheriff Bishop based on the use of Jailatm.com and the resulting delays; (3) Plaintiff's deliberate indifference and negligence claims against Sheriff Bishop and the

unnamed Sergeant.  However, the Court declines to adopt the Magistrate Judge's recommendation that Plaintiff's First Amendment mail-access claim and his conditions-of-confinement claim based on uninsulated phones should proceed.  Instead, the Court dismisses those claims with prejudice.

1.    **Plaintiff's First Amendment mail-access claim seeking injunctive relief is moot.**

Plaintiff requested only injunctive relief for his First Amendment claim concerning the two-week limitation on mail access.  Dkt. No. 1 at 5.  Specifically, he requested to be given access to his physical mail.  However, Plaintiff was released from the Taylor County Detention Center (TCDC) after filing this case, and the docket reflects that his current mailing address is a residential address.  A prisoner's claims for declaratory and injunctive relief based on the conditions of his confinement become moot upon his release from prison.  *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *see also Busick v. Neal*, 2010 WL 2102322, at *6 (5th Cir. 2010) (per curiam) (holding that a prisoner's First Amendment claim for injunctive relief was moot because he had been transferred away from the facility where the alleged constitutional violation occurred); *Neal v. Lucas*, 75 F. App'x 960, 961 (5th Cir. 2003) (per curiam) (same).  Plaintiff's claim is moot in light of his release from jail.  And Plaintiff alleges no facts indicating that he may return to the TCDC or that any repeated or ongoing violation will occur.  Thus, Plaintiff's First Amendment claim for injunctive relief must be dismissed with prejudice as moot.

2.    **Plaintiff's conditions-of-confinement claim seeking compensatory relief is foreclosed by the PLRA's "physical injury requirement."**

Next, Plaintiff requested $3 million in compensatory damages for his claims concerning the uninsulated phones.  Dkt. No. 1 at 5.  Plaintiff alleged that he was "shocked," and the breaker was blown when he used the phone, but he failed to allege that

he sustained any physical injury as a result.  Under the Prison Litigation Reform Act (PLRA), a prisoner may not recover "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see, e.g., Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (explaining that the Fifth Circuit has "specifically held that if the plaintiff fails to show a physical injury, Section 1997e(e) bars recovery for mental and emotional damages"). Indeed, Plaintiff appears to complain primarily about the lack of preventive maintenance in order "to avoid any physical injury or health problem that's a danger to its prisoner[s] and detainees." Dkt. No. 1 at 5.  Even assuming the electrical shock caused temporary pain, Plaintiff has not alleged that he suffered any physical injury.  To the extent Plaintiff claims that he feared being shocked again, that is not enough.

The Fifth Circuit has concluded that psychological distress based on speculation that medical care may be necessary in the future due to exposure to a hazardous substance is not sufficient to satisfy the physical injury requirement found in the PLRA and will not support a prisoner's claim for compensatory damages. *See Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir. 2001) (stating that "fear of contracting a future illness" as the result of exposure to asbestos, without an accompanying physical injury, was insufficient to allow a claim of compensatory damages under Section 1997e(e)); *see also Hawkins v. Trents Flying Svc.*, 45 F. App'x 325, 2002 WL 1899587, at *1 (5th Cir. 2002) (per curiam) (dismissing a complaint for monetary damages filed in connection with the aerial application of pesticides near the plaintiff's prison unit).  And other Courts have come to the same conclusion in similar circumstances to Plaintiff's. *See, e.g., Collins v. Herrera*, 2019 WL 2176305 (S.D. Tex. Houston Div., May 20, 2019) (failure to plead sufficient facts showing physical injury as a

result of prison official's failure to replace water pipes that allegedly contained asbestos precluded prisoner's claim for compensatory damages); *Stevenson v. Dallas Cnty. Sheriff Dep't.*, No. 3:14-CV-1358, 2014 WL 5483003 (N.D. Tex. Dallas Div., Sept. 30, 2014) (without allegation of physical injury, plaintiff who found glass in his Jello but spit it out and did not ingest the glass, could not support his claims for monetary damages).

Although Plaintiff submitted responses to the Court's questionnaire, he has not alleged that he suffered any injury following the shock from the phone wire, or that he sought or received any medical care as a result. In short, none of Plaintiff's pleadings contain facts establishing that he suffered any physical injury following the incidents. Because Plaintiff has not alleged any facts showing that he has suffered a physical injury as a result of the failure on the part of the defendant to repair or replace the phone equipment, his claim for compensatory damages is precluded by Section 1997e(e).

3.    **Conclusion**

As explained above, the Court accepts and adopts in part the findings, conclusions, and recommendation of the Magistrate Judge. As a result, the Court orders:

(1) Plaintiff's claims against Correct Solutions and Tech Friends, Inc., are dismissed without prejudice;

(2) Plaintiff's First Amendment claims against Defendant Ricky Bishop based on the use of Jailatm.com and the resulting delays are dismissed without prejudice;

(3) Plaintiff's property deprivation and negligence claims against Defendant Ricky Bishop and the unnamed Sergeant are dismissed without prejudice; and

(4) Plaintiff's First Amendment claim against Defendant Ricky Bishop based on the two-week limitation on mail access, and his condition-of-confinement claim based on the uninsulated inmate phones are dismissed with prejudice.

All relief not expressly granted, and any pending motions are denied.

Judgment will be entered accordingly.

So ordered.

Dated April 6 , 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

5